Aaron Krauss (62419)
Robert A. Chu (307386)
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-4181
akrauss@cozen.com
Attorneys for S. M. A. Medical, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S. M. A. MEDICAL, INC., d/b/a SMA SPECIALTY MEDICAL LAB, | |
| Plaintiff, | CIVIL ACTION NO. 2:19-cv-06038-JCJ |
| v. | |
| UNITEDHEALTH GROUP, INC., UNITEDHEALTHCARE SERVICES, INC., UNITEDHEALTHCARE SERVICE, LLC, UNITEDHEALTHCARE INSURANCE CO., UNITEDHEALTHCARE OF PENNSYLVANIA, INC., OPTUMINSIGHT, INC., and UMR, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFF S. M. A. MEDICAL, INC.'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

As recognized in Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393 (3d Cir. 2004), a provider of medical services has a choice of what claims to assert. If it has assignments, it can assert ERISA claims by using the assignments to stand "in the shoes" of patients. See CardioNet, Inc. v. Cigna Health Corp., 751 F.3d 165, 176 n.10 (3d Cir. 2014). Alternatively, it can assert state law claims in its own name. Again alternatively, if it has assignments it can assert both assigned ERISA and its own state law claims. SMA, as the master of its Complaint, chose to assert only state law claims. See Marin

Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 949 (9th Cir. 2009); Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund, 538 F.3d 594, 598 (7th Cir. 2008) (Provider "*could* bring ERISA claims in Romine's shoes as a beneficiary for the denial of benefits under the plan; but it has not."); Blue Cross of Calif. v. Anesthesia Care Assocs. Med. Group, Inc., 187 F.3d 1045, 1052 (9th Cir. 1999) (if a plaintiff has both assigned claims and direct claims it can choose which to assert); BioRx LLC v. Voith Holding Inc., No. 16-C-328, 2016 U.S. Dist. LEXIS 83167, at *10 (E.D. Wisc. Jun. 27, 2016) ("the fact that BioRx could have obtained an assignment and brought suit at the behest of a plan participant under § 502(a)(1)(B) is irrelevant because any such claim would be entirely different from the claims BioRx actually asserted"); Mitchell-Hollingsworth Nursing & Rehab. Ctr., LLC v. Blue Cross & Blue Shield, 919 F. Supp. 2d 1209, 1219 (N.D. Ala. 2013) ("The fact that Ms. Beauchamp executed an assignment of benefits . . . does not alter this court's conclusion" that provider is asserting independent claims); Mem'l Hermann Hosp. Sys. v. Braidwood Mgmt., No. 12-3453, 2013 U.S. Dist. LEXIS 69845, at *11 (S.D. Tex. May 15, 2013) ("An assignment by a beneficiary of claims arising under an ERISA plan does not deprive a provider . . . of the right to assert independent causes of action."); Tulsa Specialty Hosp., LLC v. Boilermakers Nat'l Health & Welfare Fund, No. 12-252, 2012 U.S. Dist. LEXIS 96863, at *19 (N.D. Okla. Jul. 13, 2012) ("although the hospital may or may not have an assignment . . . , it asserts no claim for benefits under such an assignment."); St. John's Mercy Health Sys. v. Healthlink, Inc., No. 08-999, 2008 WL 4204721, at *5 (E.D. Mo. Sep. 9, 2008) ("plaintiff here is not bringing claims as a beneficiary, nor is it standing in the shoes of a beneficiary as an assignee (although it could have, had it chosen to do so)"); Ne. Hosp. Auth. v. Aetna Health Inc., No. H-07-2511, 2007 U.S. Dist. LEXIS 77085, at *28 (S.D. Tex. Oct. 17, 2007) ("even if Northeast did receive such assignments

. . . , the assignment itself does not result in complete preemption"); Mem'l Hermann Hosp. Sys. v. Aetna Health Inc., No. 06-00828, 2007 U.S. Dist. LEXIS 42126, at *10 (S.D. Tex. Jun. 11, 2007) ("the mere fact of an assignment does not result in complete preemption . . . if it asserts a cause of action outside its right to recover as an assignee."); Children's Hosp. Corp. v. Kindercare Learning Ctrs., Inc., 360 F. Supp. 2d 202, 207 (D. Mass. 2005) ("As a master of its own complaint, Children's Hospital had the right to assert independent causes of action regardless of the assignment."); Mem'l Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co., No. H-05-1234, 2005 U.S. Dist. LEXIS 40585, at *12 (S.D. Tex. Jun. 30, 2005) ("As a master of its own complaint, MHHS had the right to assert independent causes of action regardless of the assignment."); Baylor Univ. Med. Ctr. v. Ark. Blue Cross Blue Shield, 331 F. Supp. 2d 502, 509 (N.D. Tex. 2004) ("That Baylor could have sued as an assignee is not dispositive.").

SMA's "state law claims are predicated on a legal duty that is independent of ERISA." Pascack Valley, 388 F.3d at 402.  SMA is therefore entitled to assert those state law claims.  See, e.g., N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co., No. 16-1544, 2017 U.S. Dist. LEXIS 22710, at **11-12 (D.N.J. Feb. 17, 2017) (applying Anesthesia Care and Marin Gen.), adopted by, 2017 U.S. Dist. LEXIS 39769 (D.N.J. Mar. 20, 2017).

United's brief in opposition to remand, as well as its motion to dismiss, attempt to turn Pascack Valley on its head.  Rather than acknowledging that SMA had a choice to bring either ERISA or state law claims (as Pascack Valley recognized), United takes the position that SMA had no choice but to bring ERISA claims.  If that were true, Pascack Valley, Anesthesia Care, Marin General, and Franciscan Skemp would not be good law.  But they are.

United's motion to dismiss argues, based on United's hotly disputed contention that SMA has assignments,[1] that SMA's claims are preempted by ERISA. United, however, cannot make SMA bring claims that it (for good reason) does not wish to bring.

United's motion to dismiss also supports SMA's motion to remand because United has affirmatively argued that this Court lacks subject matter jurisdiction over SMA's complaint. Specifically, United argues that "a plaintiff cannot seek judicial review of claims arising under the Medicare Act until it has exhausted its remedies before the Secretary of Health and Human Services. Here, Plaintiff has not exhausted its administrative remedies, and therefore, **this Court has no jurisdiction to rule on the merits of Plaintiff's claims**." United's Motion to Dismiss at 26 (citation omitted and emphasis added). If this Court lacks jurisdiction, as United claims, it should remand this case to state court.

                              Respectfully submitted,

Dated: February 14, 2020            s/ Aaron Krauss
                                      Aaron Krauss (62419)
                                      Robert A. Chu (307386)
                                      Cozen O'Connor
                                      1650 Market Street, Suite 2800
                                      Philadelphia, PA 19103
                                      (215) 665-4181
                                      akrauss@cozen.com
                                      Attorneys for S. M. A. Medical, Inc.

---

[1] There is nothing in the record supporting a claim that SMA has assignments. Although United has attached documents to its motions that United claims demonstrate that SMA has assignments, as set forth in its brief SMA disputes the relevancy or accuracy of those documents United has proffered. Additionally, as also set forth in SMA's brief, many of the documents United proffers include anti-assignment clauses. When faced with the fact that its own documents do not support its claims, United asserts that SMA "concedes that it obtained assignments." See, e.g., United's Opposition to SMA's Motion to Remand at 2, 9. SMA made no such concession. On the contrary, the language to which United presumably refers merely "authorize[s] payment of medical benefits to the . . . supplier" and is not an assignment. See Memo. of Law in Support of Motion to Remand at 9.

## CERTIFICATE OF SERVICE

I certify that, on this date, PLAINTIFF S. M. A. MEDICAL, INC.'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND has been filed electronically and is available for viewing and downloading from the ECF system and that I caused a true and correct copy of the same to be served upon the following via the Court's ECF system:

> Carolyn P. Short, Esq. (38199)
> Adria M. Lamba, Esq. (320523)
> HOLLAND & KNIGHT LLP
> Cira Centre
> 2929 Arch Street, Suite 800
> Philadelphia, PA 19104
> Tel: (215) 252-9600
> Fax: (215) 867-6070
> carolyn.short@hklaw.com
> adria.lamba@hklaw.com
>
> Attorneys for Defendants

Dated: February 14, 2020        BY: s/ Aaron Krauss
                                    Aaron Krauss (62419)

LEGAL\44843246\3